# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE JONES, | 1:08cv0775 DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| CITY OF ORANGE COVE, | (Documents 21 and 24) |
| Defendant. | |

Plaintiff Sue Jones ("Plaintiff") filed a motion for summary judgment on March 12, 2010. Defendant City of Orange Cove ("Defendant" or "City") filed a cross-motion for summary judgment/summary adjudication on March 23, 2010. The motions were heard on May 28, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. H. Ty Kharazi appeared on behalf of Plaintiff. James McBrearty appeared on behalf of Defendant.

## **BACKGROUND**

Plaintiff filed this civil rights action against Defendant on May 2, 2008, in the Fresno County Superior Court. Defendant removed the action to this Court on June 4, 2008, based on federal question jurisdiction.

Plaintiff filed a motion for summary judgment on March 12, 2010. Defendant opposed the motion on April 8, 2010, and Plaintiff filed a reply on May 12, 2010.

Defendant filed a cross-motion for summary judgment on April 8, 2010.  Plaintiff opposed the motion on May 12, 2010.[1]  Plaintiff also filed objections to the declaration of Ray Hoak.  Defendant filed a reply on May 20, 2010.

## FACTUAL ALLEGATIONS IN THE COMPLAINT

In her verified complaint, Plaintiff alleges that Manuel Ferreira campaigned for the City's November 7, 2006, mayoral election.  Plaintiff supported Ferreira's campaign.  The incumbent, Mayor Victor Lopez, was unhappy with her support.  Mayor Lopez hired building inspector Ray Hoak to conduct code inspections on properties owned by Plaintiff in the City.

Mr. Hoak found that the foundation of a building located at 449 "G" Street, Apt. 11 ("Apt. 11"), was substandard under the California Health & Safety Code.  After making this finding, Mr. Hoak was "rewarded" with a newly created full-time position as the City's building inspector.

Plaintiff made the requested repairs to Apt. 11.  Plaintiff did not repair the foundation.

Mr. Hoak found that the public nuisance had not been abated and instituted proceedings before the Board of Review pursuant to the City's municipal code.  Plaintiff and the City stipulated to an arbitrator, Dale Bacigalupi, to serve as the Board of Review.  The Board of Review issued its findings on January 31, 2007.  The Board found that the building did not have an undersized and incomplete concrete foundation.  The findings were served on counsel for the parties on January 31, 2007.

On February 21, 2007, Mr. Hoak appealed the Board's decision.  The City Council held an appeal hearing on April 19, 2007.  The City Council reversed the Board's decision, finding the building to be a nuisance and a substandard dwelling pursuant to the municipal code.

Plaintiff "did not place much stock" in the City Council's reversal.  Verified Complaint, ¶ 22. Even Mayor Lopez "admitted the trial was a farce, jokingly saying 'we gave you your day in court, if you want to call it that' at the end of the hearing."  Verified Complaint, ¶ 23.

---

[1] In the opposition, Plaintiff correctly notes that the cross-motion "reads almost exactly the same as the opposition to motion for summary judgment," but omits a statement of facts and the legal standard for summary judgment/adjudication.

In or around April 2008, a local radio station owner, who had been providing free access to Mayor Lopez, decided to move his station out of the City. Mayor Lopez believed that Plaintiff instigated the move and took other efforts to exact revenge on Plaintiff.

On April 18, 2008, almost a year after the hearing, the City posted its ruling that the building must be repaired or would be razed within thirty days. Plaintiff contends that the City cannot proceed because it lacked subject matter jurisdiction over the hearing and decision. Plaintiff claims she was damaged in the sum of $25,000, because she has been unable to rent the unit for nearly two years and has incurred attorney's fees and costs to defend against the City's wrongful actions.

Based on these facts, Plaintiff alleges causes of action for (1) violation of 42 U.S.C. § 1983; (2) inverse condemnation; and (3) trespass and taking. An additional cause of action involving water billing was settled prior to the Settlement Conference in this case. The resolution was placed on the record.[2]

## UNDISPUTED MATERIAL FACTS[3]

Hired in April 2006, at all times relevant to this action, building inspector Ray Hoak acted on behalf of the City. Exhibit E to Declaration of H. Ty Kharazi ("Kharazi Dec."); Deposition of Ray Hoak, Vol. 1, p. 23:24-25; Answer, ¶ 9; Exhibit B to Request for Judicial Notice. Since his hiring, Ray Hoak has posted notices of uninhabitability only on buildings owned by Plaintiff. Deposition of Ray Hoak, Vol. 1, p. 32:21-24.

Plaintiff is a citizen of the State of California and a resident of the City of Orange Cove. Declaration of Sue Jones ("Jones Dec.") ¶ 3. Plaintiff is the owner of the property at issue in this litigation. Jones Dec. ¶ 5.

---

[2]To date, the parties have not filed a stipulation and proposed order dismissing this cause of action.

[3]The undisputed material facts are taken from the cross-motions for summary judgment filed by both parties and combined for efficiency and ease of understanding. As a practical matter, Defendant's opposition to Plaintiff's motion and Defendant's own motion for summary judgment are virtually identical briefs, involving the same issues, arguments and facts.

The property was inspected by the City on March 18, 2006.[4] Affidavit of Ray Hoak ("Hoak Aff.") ¶ 3. A further inspection of the property was conducted on July 24, 2006. The inspection revealed, among other things, in the building inspector's opinion, an undersized and incomplete concrete foundation. Hoak Aff. ¶ 4.

The City issued a Notice and Order to vacate on August 4, 2006, due to an alleged dangerous condition of the building.[5] Hoak Aff. ¶ 5. Plaintiff appealed the notice and order to vacate on August 7, 2006. Hoak Aff. ¶ 6.

Plaintiff and Defendant mutually agreed on arbitrator Dale E. Bacigalupi to sit as the reviewing board ("Board of Review") for the City of Orange Cove. Exhibit A to Kharazi Dec. The Board of Review made its decision and served it on all parties on January 31, 2007. The decision found that Sue Jones was not obligated to make remedial measures to the foundation.[6] Exhibit B to Kharazi Dec. (Board of Review Decision, p. 5:25-6:1).

Municipal Code § 15.17.070 of the City of Orange Cove provides for filing an appeal "within ten days of such final decision of the Board of Review." Exhibit A to Request for Judicial Notice. Ray Hoak filed his appeal of the Board's adverse decision on February 21, 2007. Exhibit E to Kharazi Dec. Plaintiff did not object to the City's failure to file its appeal to the City Council within the ten (10) days provided under Orange Cove Municipal Code § 15.17.070.[7] Arbitration Hearing Transcript.

---

[4] To the extent Plaintiff objects to certain background facts as irrelevant, her objections are overruled. The facts provide a foundation for the underlying action.

[5] Plaintiff disputes this, citing the deposition testimony of June Bracamontes, p. 67:3-16; 68:5-12. However, the cited testimony does not raise a dispute that the City issued a notice and order to vacate.

[6] The relevant finding states: "The weight of the evidence has not demonstrated that the property is characterized by a[n] 'undersized and incomplete concrete foundation' as listed in the City's August 4, 2006, Notice to the property owner and, as a result, the Board of Review finds that the property owner is excused from and has no obligation to undertake any action with respect to the foundation." Board of Review Decision, p. 5:25-6:1.

[7] Plaintiff contends that she "mounted a three hour and two minute objection to the city council hearing the late filed appeal." Doc. 44. Plaintiff fails to cite any relevant portion of the hearing transcript. Further, the transcript contains no record of any objection by Plaintiff or her counsel.

4

1    The City Council held a review hearing on April 19, 2007, on Mr. Hoak's untimely appeal of the decision of the Board of Review.  Exhibits C and F to Kharazi Dec.  Plaintiff's own expert, Timothy O'Neal, testified that the condition of the foundation rendered the building unsafe for habitation.  Exhibit 2 to McBrearty Dec. (Arbitration Hearing Transcript, p. 102:7-24); Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (Doc. 39), p. 4.  The City Council reversed the decision of the Board of Review and posted Notice of the reversal on April 18, 2008.  Exhibit D to Kharazi Dec.; Declaration of Sue Jones ("Jones Dec.") ¶ 2.

Plaintiff did not file a writ of administrative mandamus challenging the decision of the Orange Cove City Council.  Plaintiff filed an action for damages and injunctive relief in the Fresno Superior Court on May 2, 2008.  See Verified Complaint.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and "the non moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Electric Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed.R.Civ.P. 56(e)).  As to the specific facts offered by the nonmoving party, the court does not weigh conflicting evidence, but draws all inferences in the light most favorable to the nonmoving party.  Id. at 630-31.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the

5

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

  In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

  In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56 (c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

# DISCUSSION

A. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    1. <u>First Cause of Action - Violation of 42 U.S.C. § 1983</u>

In her first cause of action, Plaintiff alleges that the City deprived her "due process and rights to ownership of private property under color of ordinance." Verified Complaint, ¶ 32. Plaintiff contends that the City's action in overruling the Board of Review was arbitrary, capricious and without basis, "solely undertaken for improper political purpose." Verified Complaint, ¶ 33.

*Jurisdiction*

Plaintiff first argues that because Mr. Hoak did not appeal the Board of Review decision within the 10-day period set forth in the municipal code, the City Council lacked subject matter jurisdiction to overrule the Board of Review's decision. Plaintiff cites no authority for this argument. Plaintiff's reliance on case law governing appeals in civil actions is inapposite to the administrative appeal at issue. See, e.g., Estate of Hanley, 23 Cal.2d 120, 122 (1943) (taking of appeal vests jurisdiction in appellate court and terminates jurisdiction of the lower court); County of Ventura v. Tillett, 133 Cal.App.3d 105, 110, 183 Cal. Rptr. 741, *cert. denied,* 460 U.S. 1051 (1982) (judgment void on its face if court which rendered judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief that court had no power to grant).

The City concedes that it filed its appeal of the Board of Review's decision after the ten-day period. However, the City argues that Plaintiff should have sought administrative mandamus pursuant to California Code of Civil Procedure § 1094.5 to challenge the City Council's jurisdiction. The Court agrees.

In relevant part, section 1094.5 states:

> (a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer, the case shall be heard by the court sitting without a jury. . . .

> (b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

This section provides the exclusive judicial path to address Plaintiff's claim that the City Council acted without subject matter jurisdiction, along with her claims as to fairness and abuse of discretion. Briggs v. City of Rolling Hills Estates, 40 Cal.App.4th 637 (1995). In Briggs, as a condition of permitting a substantial addition to a home, the city required that an unapproved patio/deck be removed. The homeowners did not seek judicial review of the condition by administrative mandamus. Instead, they sought injunctive relief and damages under the federal Civil Rights Act. The lower court granted summary judgment against the homeowners. The appellate court upheld the decision because the homeowners failed to file an action for administrative mandamus to challenge the city's determination. The court indicated that if the condition was improperly imposed, it could have been vacated by administrative mandamus (section 1094.5). Id. at 645. The court also explained that an aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action is a form of res judicata, giving collateral estoppel effect to the administrative agency's decision. Id. at 646; see also Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir. 1994) (doctrines of res judicata and collateral estoppel barred federal suit under 42 U.S.C. § 1983 because plaintiff failed to seek review of the adverse decision of the Santa Cruz County Civil Service Commission by administrative mandamus under Cal. Code Civ. P. §1094.5).

Plaintiff attempts to argue that administrative mandate was not available because the underlying decision did not result from a proceeding in which a hearing was required by law and at which evidence was required to be taken. Taylor Bus Service, Inc. v. San Diego Bd. of Educ., 195 Cal.App.3d 13311, 1339 (1987); O.W.L Foundation v. City of Rohnert Park, 168 Cal.App.4th 568, 585 (2008) (an administrative decision that does not require a hearing or a response to public input is generally reviewable by traditional mandamus, not section 1094.5). Plaintiff's argument

is unsupported.  Unlike the cases cited by Plaintiff, the relevant Municipal Code expressly requires the City Council to conduct a hearing and consider relevant evidence.  The code states:

> Any interested party, including the enforcement officer, may appeal the decision of the board of review to the city council by filing an appeal in writing with the clerk of the city council within ten days of such final decision of the board of review. Upon the filing of an appeal, the city council shall schedule and notify the parties of a hearing to be conducted in accordance with the provision of Section 15.17.060.  The city council shall consider all relevant, competent and reliable evidence.  It may sustain, modify or reverse the decision of the board of review . . .

Municipal Code § 15.17.070 (appeal to city council).

Accordingly, to challenge not only the City Council's findings, but also its jurisdiction, Plaintiff's recourse was an action for administrative mandamus pursuant to section 1094.5. Plaintiff's failure to seek mandamus renders the City Council's decision *res judicata*, precluding Plaintiff from pursuing the instant action.

Plaintiff argues that she brought a writ of prohibition and that it is the appropriate mechanism because the City Council acted as a judicial body without jurisdiction.  The City admits that Plaintiff filed a writ of prohibition, but contends that it was solely to prevent the City from razing the building, not to contest the City Council's jurisdiction.  A hearing on the writ was scheduled, but the parties stipulated to not raze the building during the pendency of the action.  As pointed out by the City, if Plaintiff did not believe the City Council had subject matter jurisdiction, she could have filed a writ *before* the City Council hearing.  The record reflects that Plaintiff did not attempt a writ of administrative mandamus to challenge the City Council's jurisdiction or its findings at any point prior to (or concurrent with) this action.

*Due Process Violation*

Even if Plaintiff could proceed with this action, she has not established a due process violation.  Plaintiff contends that the City has deprived her of property rights without due process of law, a violation of 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

9

Here, Plaintiff contends that in his four years as the City's building inspector, Mr. Hoak only posted notices on properties owned by Plaintiff. Mr. Hoak also filed an untimely appeal of the Board of Review's decision. The City Council heard the appeal, issued a decision and ordered the building be repaired or razed within 30 days. Plaintiff argues that Mr. Hoak's acts represent an officially adopted decision of the Mayor and City Council, by entertaining his untimely appeal, reversing the Board of Review's decision and issuing a formal decision requiring Mr. Hoak to post a repair or destroy notice on the building.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978); Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff contends that the underlying actions were all due to "the 'rootling' by the politically charged city council led by her nemesis Victor Lopez." Motion, p. 3. However, Plaintiff has not provided evidence to establish a deliberate policy, custom or practice. Plaintiff directs the Court to deposition testimony by the City's Clerk, June Bracamontes, regarding the City's hiring of Mr. Hoak. The testimony establishes only that the City hired Mr. Hoak to shut down "[u]nhealthy, not liveable" apartments and that Plaintiff needed to "check her apartments." Exhibit B to Kharazi Dec. filed in Opposition to Motion for Summary Judgment (Deposition of June Bracamontes, pp. 67:3-68:12).

However, Plaintiff's argument is undercut by undisputed evidence that Apt. 11 was not liveable. Plaintiff's own expert testified before the City Council that the condition of the

foundation rendered Apt. 11 unsafe for habitation.  Exhibit 2 to McBrearty Dec. (Arbitration Hearing Transcript, p. 102:7-24).  Further, Plaintiff has not challenged Mr. Hoak's determination that there were other problems with Apt. 11.  She also has not alleged that any notices posted by Mr. Hoak at her other properties were unfounded.

Insofar as Plaintiff argues that she has been deprived of her property rights without due process of law, this argument is without merit.  Plaintiff was afforded a public hearing and an opportunity to be heard before the City Council.  Plaintiff was represented by counsel at the hearing and she spoke on her own behalf.  She also was permitted to have witnesses speak in her favor, including her own expert.  There is no indication that she subsequently was precluded from filing a writ of administrative mandamus to challenge the City Council's decision or its jurisdiction.    For these reasons, Plaintiff is not entitled to summary judgment on her first cause of action for violation of her civil rights.

    2.    <u>Second Cause of Action - Inverse Condemnation</u>

Plaintiff contends that by posting notice on April 18, 2008, the City has prevented her from usage and enjoyment of her property without compensation and contrary to public policy. Plaintiff further contends that condemning the property for the purposes of public safety is a taking without compensation.

Article I, section 19 of the California Constitution prohibits the government from taking private property for public use without just compensation.  Inverse condemnation is a cause of action which allows a property owner to pursue a claim against a government entity for just compensation when his property has been taken or damaged for public use without prior compensation.  Baker v. Burbank-Glendale-Pasadena Airport Authority, 39 Cal.3d 862, 865 (1985); Sheffet v. County of Los Angeles, 3 Cal.App.3d 720, 84 Cal.Rptr. 11 (1970).  Generally, inverse condemnation actions arise out of unintentional or negligent damage to an owner's property or property interests arising out of the construction of public works.  Rose v. City of Coalinga, 190 Cal.App.3d 1627, 1633 (1987).  An inverse condemnation action also may arise where a governmental body, in the exercise of its police power to protect the public health, safety and welfare, intentionally destroys an owner's property in the absence of an emergency and

11

compelling necessity and without according to the owner due process. Id. at 1634; see also Leppo v. City of Petaluma, 20 Cal.App.3d 711, 717-19 (1971) (to abate a nuisance, city must afford property owner due process hearing that consists of an opportunity to be heard; in emergency situations, city may act summarily, but must establish by a preponderance of evidence that an emergency actually existed).

In this instance, Plaintiff should have pursued administrative mandamus before proceeding with her inverse condemnation action. See, e.g., Patrick Media Group, Inc. v. California Coastal Com., 9 Cal.App.4th 592, 607 (1992) (where an inverse condemnation action is based upon a regulatory taking accomplished by a discretionary action of an administrative agency, "the proper procedure is to bring the inverse condemnation action in conjunction with, or after, a petition for administrative mandamus"). Plaintiff has claimed that she was damaged by having to make repairs to the foundation. Jones Dec. ¶ 4 ( "As a result of the actions of the City of Orange Cove . . . I have incurred construction costs to repair the foundation, despite its being found sufficient by the board of review."). However, a landowner may not make the required improvements and then proceed with an inverse condemnation action. Instead, Plaintiff was required to institute a mandamus proceeding under section 1094.5. See, e.g., Pfeiffer v. City of La Mesa, 69 Cal.App.3d 74, 78 (1977) (to challenge conditions a municipality imposes in a building permit, a landowner must institute a mandamus proceeding under section 1094.5; landowner cannot comply with conditions, construct the required improvement and then maintain an action in inverse condemnation).

Additionally, the City contends that Plaintiff did not undertake any efforts with regard to the property following the City Council hearing and the posting of the notice almost one year later. She did not attempt to obtain a building permit or submit any drawings or plans for repairs. Affidavit of Daniel Ray Hoak, Paragraphs 3 and 4. There is no indication that the City somehow prevented her from doing so and effectuated a "taking" of her property.

For these reasons, Plaintiff is not entitled to summary judgment on her second cause of action for inverse condemnation.

      3.      Fourth Cause of Action - Trespass

Plaintiff contends that the City's action amounts to trespass on her property. Plaintiff claims that she did not authorize the City to enter the property after March 18, 2006. Jones Dec. ¶ 8. Plaintiff also asserts that she has been prevented from renting the property and performing the necessary repairs. Jones Dec. ¶ 9.

Plaintiff does not cite any California statutes explicitly making public entities liable for trespass. In California, a public entity cannot be held liable in tort unless liability is authorized by a specific statute. Cal. Gov.Code, § 810 et seq.; Hoff v. Vacaville Unified School Dist., 19 Cal.4th 925, 932 (1998). Neither the Verified Complaint nor Plaintiff's moving papers identify an authorizing statute.

Moreover, the City disputes Plaintiff's contentions, asserting that Mr. Hoak was authorized to perform a follow-up inspection of the property on July 24, 2006. Exhibit 3 to McBrearty Dec. (Hoak Dep., pp. 79:21-81:1). The City also disputes Plaintiff's contention that she has been prevented from using the property and performing the necessary repairs because she never attempted to obtain a building permit.

For these reasons, Plaintiff is not entitled to summary judgment on her fourth cause of action for trespass.

B.    DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT/PARTIAL SUMMARY JUDGMENT

The City's cross-motion and the City's opposition to Plaintiff's motion for summary judgment are identical.[8] As with its opposition to Plaintiff's motion, the City argues that Plaintiff's failure to pursue administrative mandamus renders the City Council's decision *res judicata*. For the reasons previously discussed, the Court agrees.

---

[8] Plaintiff correctly notes that the City's cross-motion does not contain a statement of facts or the standards for summary judgment/adjudication. In its reply, the City admits that its supporting memorandum lacked a statement of facts and standards. The City explains that a rough draft inadvertently was filed. The City has submitted the final draft and claims that it does not differ from the draft filed, other than containing a statement of facts and standards governing summary judgment. Plaintiff objected to the final draft, indicating that the Court must review the document on file. As the substantive arguments in the City's briefing are the same, the Court finds Plaintiff's objection to be without merit. Nonetheless, the Court has limited its consideration to the document originally filed by the City.

1  To the extent that Plaintiff claims that the City's cross-motion for summary judgment is barred because the City failed to file a writ to set aside the Board of Review's decision, this claim is without merit.  Plaintiff essentially contends that the City should have sought a writ of review of Mr. Bacigalupi's decision.  As discussed at oral argument, the City was not required to bring a writ of administrative mandamus to attack the Board of Review's decision because it had a right to appeal under the Municipal Code and the Board's decision was not a final decision by an administrative agency.  Municipal Code § 15.17.070 (appeal to city council).

For these reasons, Defendant is entitled to summary judgment.

### **ORDER**

Based on the above, the Court DENIES Plaintiff's motion for summary judgment.  The Court GRANTS Defendant's cross-motion for summary judgment/summary adjudication.

IT IS SO ORDERED.

Dated:   **June 8, 2010**                    **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE