# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUE JONES, | ) | 1:08cv0775 DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISCHARGING ORDER TO SHOW |
| | ) | CAUSE |
| v. | ) | (Document 54) |
| | ) | |
| CITY OF ORANGE COVE, | ) | |
| | ) | |
| Defendant. | ) | |

After a ruling granting defendant's cross motion for summary judgment/adjudication, a judgment was entered in favor of defendant and against plaintiff. On June 18, 2010, defendant submitted a Bill of Costs. On June 28, 2010, plaintiff filed objections to the Bill of Costs. The matter was heard on November 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Hadi Ty Kharazi appeared on behalf of plaintiff, Sue Jones ("Plaintiff"). James F. McBrearty appeared on behalf of defendant, City of Orange Cove ("Defendant").

**Background**

Pursuant to the bill of costs, Defendant is seeking $693.35 in costs in two (2) categories: (1) fees of the clerk; and (2) fees for printed or electronically recorded transcripts. The amount requested for each category is as follows:

For fees to the Clerk of Court - $350.00.

For transcript fees - $343.35.

Doc. 53 (Bill of Costs).

**Discussion**

Fed. R. Civ. P. 54(d)(1) states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Here, no action was taken on the bill of costs or objections. As such, the Court set a hearing to address Plaintiff's objections to costs.

The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920. In pertinent part, 28 U.S.C. §1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk or marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

District courts have discretion in determining whether and to what extent prevailing parties may be awarded costs. *See, e.g., Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir.2000) (en banc). Although a prevailing defendant is normally entitled to costs in civil rights actions, a court's discretion to deny a costs award against an unsuccessful plaintiff has been upheld where the issues were of the "gravest public importance" and the costs "extraordinarily high." *Id.* at 593. Mandating an award to defendant in such cases "might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." *Id.*

Defendant requests costs for fees of the clerk and fees for transcripts obtained for use in this case. These costs are taxable under 28 U.S.C. § 1920(1), (2). *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir. 1998) (trial court did not abuse its discretion in awarding costs for trial exhibits, photocopies, court reporter fees, and deposition transcripts).

1. Request to Stay Taxation of Costs

Plaintiff seeks to stay the taxing of costs pending appeal of the judgment. Plaintiff has not cited any case law entitling her to such a stay. *See, e.g., Pixion Inc. v. PlaceWare Inc.*, 2005

WL 3955889 (N.D.Cal. May 26, 2005) (denying request to stay taxation of costs pending appeal where no authority cited for request). Plaintiff merely asserts that if the judgment is reversed on appeal, then the taxation of costs also will be reversed. This is not a sufficient to basis to stay taxation of costs and Plaintiff's request is DENIED.

        2.        Objection to Costs

Plaintiff also contends that Defendant should not recover costs because Defendant did not prevail on all claims. Under Rule 54(d), there is a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. *Ass'n of Mexican-Am. Educators,* 231 F.3d at 591. If a court enters judgment in favor of a party, that party is the prevailing party under Rule 54(d). *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir.1996). A party need not prevail on every issue to be considered the prevailing party. *See, e.g., Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir.1997) (interpreting prevailing party in context of a request for attorneys' fees). For example, in cases in which courts have granted judgment in favor of defendants on federal claims and declined to exercise jurisdiction over remaining state claims, courts have determined that defendants were the prevailing parties for purposes of Rule 54(d). *See, e.g., Ogborn v. United Food and Commercial Workers Union*, 305 F.3d 763, 770 (7th Cir.2002); *Head v. Medford*, 62 F.3d 351, 353 (11th Cir.1995).

    Plaintiff argues that in cases in which "neither side entirely prevailed," some courts have denied costs to both sides. *See, e.g., Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233-35 (10th Cir.2001); *Amarel*, 102 F.3d at 1523 ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."). There is no rule requiring courts to apportion taxable costs based on the relative success of the parties. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed.Cir.2006). "In fact, apportioning costs according to the relative success of parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." *Id*. (citing 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.101[1][b] (3d ed.2006)).

In this instance, Plaintiff asserts that Defendant did not fully prevail because the parties "reached a resolution on the issue of water bills," which was Plaintiff's third cause of action. Objections, p. 2. At the hearing, Defendant's counsel explained that costs associated with deposition transcripts were unrelated to the cause of action settled by the parties. Moreover, the Court granted summary judgment in favor of Defendant on the remaining causes of action and judgment was entered for Defendant.

## **CONCLUSION**

Based on the foregoing, Plaintiff's objections to the bill of costs are OVERRULED. The Clerk of the Court is directed to tax costs in accordance with this order.

IT IS SO ORDERED.

Dated:   **November 23, 2010**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE